# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 25-10749
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Naasson Hazzard,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-416-1

————————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Naasson Hazzard was convicted of kidnapping resulting in death and sentenced to life in prison. *See* 18 U.S.C. § 1201(a). He argues that the evidence is insufficient to sustain a guilty verdict. We disagree. A rational juror could have found that Hazzard kidnapped the victim for the purpose of killing her. *See United States v. Sanders*, 133 F.4th 341, 378-79 (5th Cir. 2025),

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*petition for cert. filed* (U.S. Dec. 22, 2025) (No. 25-6451); *see also United States v. Gaspar-Felipe*, 4 F.4th 330, 341 (5th Cir. 2021). There was also sufficient evidence from which a jury could infer that the victim had been held in the semi-truck against her will. *See United States v. Osborne*, 68 F.3d 94, 96, 100 (5th Cir. 1995). Moreover, the jury was free to believe the medical examiner's testimony about the victim's manner of death. *See Gaspar-Felipe*, 4 F.4th at 341-42.

For the first time on appeal, Hazzard contends that his constitutional speedy trial rights were violated. *See United States v. Reagan*, 725 F.3d 471, 486-87 (5th Cir. 2013). Because he was tried within five months of the filing of his complaint, he has not shown any error, let alone plain error. *See United States v. Jackson*, 549 F.3d 963, 971-72 & n.5 (5th Cir. 2008).

Finally, Hazzard challenges his conviction under the Commerce Clause. According to him, Congress exceeded its authority when broadening § 1201(a)(1) to include intrastate activity if the offender uses an instrumentality of interstate commerce in furtherance of the offense. *See Adam Walsh Child Protection and Safety Act of 2006*, Pub. L. No. 109-248, § 213, 120 Stat. 587, 616. Not so. Congress may regulate "the instrumentalities of interstate commerce, . . . even though the threat may come only from intrastate activities." *United States v. Lopez*, 514 U.S. 549, 558 (1995). We have held that, when Congress regulates commerce in this way, "federal jurisdiction is supplied by the nature of the instrumentality or facility used, not by separate proof of interstate movement." *United States v. Marek*, 238 F.3d 310, 317 (5th Cir. 2001) (en banc). And we have rejected similar Commerce Clause challenges to § 1201(a)(1). *See United States v. Webb*, 856 F. App'x 553, 555 (5th Cir. 2021); *see also United States v. Gonzales*, No. 21-10631, 2022 WL 1421032, at *1 (5th Cir. May 5, 2022). Although *Webb* and *Gonzalez* are unpublished, we find them persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). Moreover, Hazzard does

No. 25-10749

not dispute that he used instrumentalities of interstate commerce in furtherance of the offense. *See Marek*, 238 F.3d at 318.

AFFIRMED.